# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 8, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | UNPUBLISHED |
| TAWNYA MONTANO, | * | |
| | * | |
| Petitioner, | * | No. 17-1526V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*David C. Richards*, Christensen & Jensen, P.C., Salt Lake City, UT, for Petitioner.
*Sarah C. Duncan*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 13, 2017, Tawnya Montano ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program[2] alleging that she suffered from Guillain-Barré syndrome or chronic inflammatory demyelinating polyneuropathy following an influenza vaccination she received on October 22, 2014. Pet. at 1. On December 21, 2021, the parties filed a stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 60).

On June 16, 2022, Petitioner filed an application for final attorneys' fees and costs. (ECF No. 65). ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $112,159.05, representing $86,745.70 in attorneys' fees and $25,413.35 in attorneys' costs. Fees App. At 5. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

incurred any costs related to her petition. *Id.* Respondent responded to the motion on June 17, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2. (ECF No. 66). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

Petitioner requests the following rates of compensation for her attorneys: for Mr. David Richards, $305.00 per hour for work performed in 2016, $312.00 per hour for work performed in 2017, $321.00 per hour for work performed in 2018, $332.00 per hour for work performed in 2019, $343.00 per hour for work performed in 2020, $352.00 per hour for work performed in 2021, and $362.00 per hour for work performed in 2022; and for Mr. Jeffrey Enquist, $265.00 per hour for work performed in 2019, $278.00 per hour for work performed in 2020, $292.00 for work performed in 2021, and $305.00 per hour for work performed in 2022. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

b. **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be largely reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. The only issue is that on August 20, 2019, counsel billed 5.1 hours on "Travel to/from Montano's home and participate in home visit with client and life care planners and counsel including conversance afterward with life-care planner Kattman." Fees App. at 30. The Vaccine Program typically reimburses travel time at one-half of counsel's typical hourly rate – however in this instance, because counsel has combined the travel and the meeting into a single entry, it is impossible for the undersigned to determine how much time was spent traveling and how much was billed for the meeting. Accordingly, this entire billing entry will be reimbursed at one-half of Mr. Richards' typical hourly rate, resulting in a reduction of $846.60. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $85,899.10.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $25,413.35 in attorneys' costs. Fees App. Ex. 3. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's life care planner. Upon review, most of the requested costs are reasonable and supported with adequate documentation. However, the following reductions must be made.

First, similar to the issue in counsel's billing, the life care planner combined travel time with a meeting into a single entry billed at her full hourly rate. Fees App. at 103. The undersigned will reimburse all of this time at one half of the life care planner's hourly rate. Second, the life care planner has billed $400.00 for a "file set up fee" without any explanation of what this cost is comprised of, and $117.66 for "hotel and meals" without providing any supporting documentation. Fees App. at 106. Finally, it appears that the life care planner has billed a total of $1,727.83 in interest costs. Fees App. at 110. It is unclear how these costs were calculated or why they were assessed, but the Vaccine Program does not reimburse costs related to interest. *See Kleva v. Sec'y of Health & Human Servs.,* No. 17-749V, 2019 WL 2156432, at *2 (Fed. Cl. Spec. Mstr. Mar. 18, 2019); *Kollias v. Sec'y of Health & Human Servs.*, No. 16-868V, 2018 WL 6301793, at *3 (Fed. Cl. Spec. Mstr. Oct. 2, 2018); *Jeffries v. Sec'y of Health & Human Servs.,* No. 99-0670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (citing *Library of Congress v. Shaw*, 478 U.S. 310, 317 (1986) (finding that finance charges on an outstanding bill incurred by petitioner amounted to interest which, in the absence of a waiver of sovereign immunity, cannot be assessed against the United States.).

In total, the undersigned shall reduce $2,554.49 from the final award of costs. Petitioner is therefore awarded final attorneys' costs of $22,858.86.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $86,745.70 |
| (Reduction to Fees) | - ($846.60) |
| **Total Attorneys' Fees Awarded** | **$85,899.10** |
| | |
| Attorneys' Costs Requested | $25,413.35 |
| (Reduction to Costs) | **-** ($2,554.49) |
| **Total Attorneys' Costs Awarded** | **$22,858.86** |
| | |
| **Total Amount Awarded** | **$108,757.96** |

**Accordingly, the undersigned awards a lump sum in the amount of $108,757.96, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. David Richards.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).